case number 255319 USA versus David Vannelli oral arguments not to exceed 15 minutes per side. Ms. Green you may proceed for the appellant. May it please the court, my name is Molly Rose Green and I represent the appellant David Vannelli. I'd like to reserve three minutes of my time for rebuttal. The district court erred in two ways. First by rejecting the agreement of the parties without a sound reason and second by failing to apply the wooden definition of occasions to the five-level enhancement in 4b 1.5b. I will focus my argument today on that second issue. The 2003 Protect Act amended the commentary to 4b 1.5 and at the time of that enactment the ACCA had been law for decades. So since the ACCA language predates the language in the Protect Act with the word occasions in it, we can presume Congress intended the same definition to apply to the word in both places. Again the words are you know preceded by slightly different adjectives but those those words are essentially the same which the government has conceded. The courts that have considered this issue so far have some of them have not ruled although they have cited wooden in this context. The one court that has ruled definitively on this issue out of the Southern District of Florida did agree that the wooden definition applied. How does the wooden definition help you in this case? I mean we have the pictures are exchanged while he's in one state which I think is one crime and then he's traveling from that state to another state to pick up the 13 year old. I think it's a different crime on a different occasion at a different time. So so how does the wooden definition help you here? Sure so in wooden the government made a similar argument that when the elements of one crime are completed that is an occasion. The government has argued this here too. I mean as soon as he asked for and received the image the one image that counts as a child pornography image that crime is complete. He could be charged for it convicted for it as occurred here. But what wooden said was it disagreed with that view that once something has become an offense under the criminal code a specific crime the court disagreed that that means an occasion is over. And so that's why it held that even though at the completion of each of those robberies undertaken in the wooden case that didn't mean that it was a the end. Sure but those were all in seriatim for lack of a better way of saying it and wooden also talks about the timing the location the character and relationship of the offenses all those things and says look at it holistically right? And so if it occurred here you have complete like there the locations were similar the timing was similar here you have different states you have plenty of intervening events where he could have like decided not to do it all kinds of things that are different in kind and the offenses here at least and maybe you can I could see how you could take issue with this but I would say they're materially different in that one is like transporting images a crime in and of itself as you pointed out and the separate is like actual abuse or leading up to the abuse before he gets caught and while both are abusive in nature or the courts have said so I think they're different in nature in other words different in character to use the Supreme Court's terminology. I think yes so I think wooden gave us lots of factors to consider and and kind of we're looking at those factors to determine was this a common scheme and purpose and and here there was and that's because I'm sorry to interrupt you common scheme or purposes of the test wouldn't every conspiracy and they all the offenses related to it be on the same occasion not necessarily I mean that's where we get to to looking at you know looking in a holistic way so here we have a factual scenario that is perhaps a little different than some of these kind of child porn and travel crossing state line cases here the very initial communication was a minor posting online offering her virginity offering essentially for in-person contact the first message from Mr. Vanelli was what's up and the first message from the was can we meet Monday so from the very start the all of the conduct here was with the intention of that travel of meeting so the the character and relationship of the offenses is really inextricably intertwined here from the start curious about the limits of your sort of a cage's analysis let's say he completes the crime I understand cops you know call before he did it let's say he gets to Tennessee it's the young lady brings it back to his place abuses her for the next year is that all one occasion I mean because it's all started from the first communications is that all one occasion I think the court would be well you know I think that the court could find that would be separate occasions so I think that the point that if mr. Vanelli had actually met the minor brought her back and sexually assaulted her I think that that could be you know if we were to look at all the details there that could be separate occasions here the request for the image the image that was received that face time call was described in the messages by both parties as a way to kind of and again this is all clearly reprehensible conduct but it was described as a way to kind of see each other get the nerves out of the way for this for the the con the contact so in that way what do you do with it like so let's say we give you that you're making a lot of good points what about the fact the Supreme Court I'm quoting proximity of location is also important the further away crimes take place the less likely they are components of the same criminal offense sure I think the thing that makes this one occasion despite the fact that there was that four to five hour drive crossing state lines is that the parties the conduct continued the whole time the parties continued at this point it was the agent of course but the parties continued communicating about the plan that originated from the very first post online there was constant communication during the entire time differentiating it from perhaps someone who robs a bank and then a couple days later you know is that a different state this this was still clearly part of the same criminal episode and the contact the conduct continued throughout the travel what about like the Supreme Court also talks about significant intervening events and here right he had to sell things to get the money for the gas things like that I mean those are intervening or should we not like it seems like and you're making your best argument I think but it seems like you're asking us to look at one thing of the many factors and ignore some of the others and maybe that's the way you balance these things but I'm just trying to get a grasp of that I think I mean I think this is a difficult case because the facts are so unsavory but when we when we really dig into the facts of the kind of what the goal was how that goal was achieved something like selling a generator to buy gas is not really an intervening event it's just a part of the goal of at least Mr. Vanelli from the very start and perhaps had he had more money from the start he would have been able to visit her immediately pursuant to like kind of the first messages they left but you know he wasn't he he had to get more gas to fill to fill up the tank part of your point then is that if he had done this immediately that maybe it would be one occasion is that right oh well I believe it's one occasion as it's right but but the fact that he goes to Tennessee shows that it's still part of that same occasion correct correct yeah so here because the conduct the episode you know kind of the scheme the purpose because that continued throughout the entirety of that travel really unabated this is you know even though we can separate this into different crimes and and different crimes it was separated in different crimes and and he was punished according to the four different offenses that he committed that still doesn't turn it into separate occasions thank you morning your honors may please the court Nick gold on behalf of the United States even if the court applies wooden in this case this this is an easy case under wooden as I think some of the courts initial questions were suggesting that's correct our our so precisely because I think that wouldn't the analysis under wooden is so straightforward in this case that I think the court doesn't need to reach a definitive holding as to whether it applies I think the court can just assume wouldn't applies do the analysis there and and not reach a holding and I can jump right to the chase about about why we well I think I understand the argument that that wouldn't is at least instructive in this context and I don't want to resist that too hard because wouldn't of course did interpret the plain meaning of the word occasion like wouldn't wouldn't went to the dictionary definition took a look and said you know an occasion is something like an event or an episode and so so I acknowledge that the Supreme Court's plain meaning analysis of the word occasion is probably going to be at least instructive in this context but we would urge the court not to not to reach a broad holding that's wooden just applies you know exactly in this context as I what the Second Circuit did they said it's instructive but didn't say it applied yes and in Bullock I think your honor is referring to yeah the Second be directly controlling but it's at least instructive and I just don't understand why you are treading this very fine line here yes judge more and let me see if I can explain I do think there are some differences between the section 4b 1.5 B context and the Armed Career Criminal Act and those come as we set out in the brief application note 4b so if you look at application note 4b 1 and I think this is probably the main the main difference it refers to a pattern of activity being separate occasions of prohibited sexual conduct committed against a minor singular a minor and we know from like this court's case in Bratton at page 448 which we cite in the brief when Congress when Congress prescribed the content of application note 4b 1 because that was directly prescribed by Congress Congress wanted to make sure that single victim offenses were going to be covered here and so I think it's an important difference between this context and the Armed Career Criminal Act context that as Congress has recognized this type of offense sexual abuse against minors is often going to be repeated conduct against a single victim in the Armed Career Criminal Act wouldn't context I think this court's cases suggest that repeat the the presence of the same victim in multiple crimes is going to cut against a separate occasions finding here we don't think it should cut against a separate occasions finding because this this type of stuff is often repeated against a single victim the other point is an application note 4b to it talks about how an occasion may be considered without regard to whether it occurred during the course of the instant offense I think that suggests that the the timing consideration may also be may also be different in this context and so really what we're trying to urge upon the court is that we don't think you should box yourselves in like if the court issues a holding saying wouldn't just applies in this context straight up then going forward when the Kate when this court is deciding Armed Career Criminal Act cases under wooden I think this court is going to have to have in the back of its mind what you know how might this apply in the different context of sexual abuse against minors and so we would suggest the court should leave some breathing space there this may well be instructive but it doesn't it doesn't directly control here so the fact then that the word occasion is in both situations doesn't mean that we would be shall we say stuck with one interpretation of what occasion means under the ACCA for instance wouldn't versus under this particular sentencing guideline provision exactly your honor I mean I acknowledge occasion has a meaning and and that's wooden wooden looks at the dictionary and says this is you know this is generally what occasion means but I think there are other features of the the different scheme and context in section 4b 1.5 be that should counsel caution in terms of just saying you know everything that we're going to do in applying wooden and interpreting the Armed Career Criminal Act should come over here basically you're saying that the fact that dictionary definitions in one something for a particular word occasion does not necessarily mean that occasion means exactly the same thing in a different context I think that's right I mean I think there I think the the dictionary definition of the word is I was going to inform the analysis but I think that there are other other features of the of the scheme here that it may not mean it applies exactly so why isn't this the same occasion given that it was all started by the minor victim email or text or whatever the electronic version was leading to the proposed meetup in a different state this very same individual defendant well so I think if if we're if we're taking wooden as instructive here under wooden the Supreme Court has said that offenses that occur a day or more apart and at a significant difference are nearly always going to be separate occasions and here we have offenses that are that are two days apart you have day one is when mr. Vannelli requests this this image of the minor victims genitals and she sends it and then you have they go to sleep then there's day two when they're chatting that would that would be a much closer case your honor I mean I think you'd still need to I wouldn't say necessarily the fact that it's the same day means we're done I mean I think you still need to look at whether there are there are intervening events like if he if he requested in the morning and then goes goes to work and they stop chatting and then he gets in his car after work that might be that might be something the court would consider but I acknowledge it's a closer case if there's not this separation in time but here we have 48 hours separation I mean it's it's not until the third day at the in the late afternoon when he gets in his car and actually drives the five hours from South Carolina to Tennessee I mean I think you're still gonna have a I still do think that the the character of these offenses is different because I understand my friend's argument that well from from the beginning you know from the very beginning of this they're they're talking about meeting up but I mean mr. Vannelli doesn't need to ask for an image of her genitals in order for them to meet up that's kind of I would argue that's for a separate purpose because he wants he wants her to produce an image you know explicit image of herself and he doesn't need to do that to meet up so I still think the other two factors would would suggest those might not be the same occasion but I am willing to acknowledge that is a very close case and that's kind of I think the fact that there are going to be close cases and close hypotheticals is a big part of the reason why we're asking suggesting the court may not want to reach a broad holding here you know I think this there is a body of precedent this kind of goes into our the suggestion that wouldn't should be instructive what we're suggesting to the court is that there is a body of precedent out there already that's interpreting the meaning of separate occasions in the 4b 1.5 B context and so I'm thinking specifically of this court's decision in Juan de Siga which held that a defendant touching the victim's genitals twice on on more than one day that was separate occasions the Fifth Circus decision and Sadiq and the Ninth Circus decision and tells that we in our brief in both of those cases sexual assaults committed against the same victim on consecutive days were separate occasions and so we think the court should recognize there is this there is this body of precedent out there wooden may well be instructive in figuring out how how that develops going forward but what we don't think the court should should merge all that merge at all and say it's all under wooden and everything that's because you know when when the court is applying the Armed Career Criminal Act the court is considering violent offenses robberies assaults drug offenses you know I think the court should pause before saying that all of those and and also in the Armed Career Criminal Act context those are always going to be past offenses right because the the Armed Career Criminal the Armed Career Criminal Act says if you possess a firearm and you have these three prior convictions on occasions different from one another then you get the enhanced mandatory minimum here though as in this case a lot of the time the conduct is not going to be in the past it's going to be part of part of what's you know part of the instant offense and so there just is a different in the context and we think the court should keep that in mind. So if you gave the hypothetical of if there had been multiple sexual I'll call them assaults of the victim here those correct me if I'm wrong those could be charged separately as separate crimes is that the situation? I think that's right your honor. Even if they were on the same day? I. Because that's really where we're getting into this concern because you're saying well that these are on different days and that's a big part of your argument. Yes your honor I agree I don't think there would be a I don't I do not think that sexual assaults occurring on the same day would always be separate occasions I think it would it would depend on the case so like if if there was one if there's one sexual assault and there's absolutely nothing intervening and it goes right into the second I think that that may well be one occasion but you know there just could be different facts like you could have one and then there's a break you know they put their clothes back on have a meal or something and then the second one and that might be separate occasions but I mean that's kind of an that is kind of an edge case and I think I agree it's a harder case and and again that's that's part of why we're asking the court to just to just be cautious and how far you go in the in issuing a ruling here. I'm happy to take any questions the court has about the the case. Can I ask you quickly I'm sorry to even start but if you don't mind of course just on Judge Moore's questioning on occasions and applying and I know you have a couple sentences in your brief but no as far as I understand no other circuit correct has they've used wooden as instructive but haven't said it's controlling is that accurate or am I missing something? No circuit has said it's controlling no circuit has said it's not controlling it's it's it's open. And the Supreme Court has said in cases like Pulsifer and other cases that when you use terms like occasions it doesn't necessarily ubiquitous terms like common phrase terms don't necessarily have the same meaning when you have statutes 30 years apart or rules 30 years apart or different contexts correct so I mean that it makes sense that that's what the circuits are doing they're saying this is instructive but not binding. It could it could be none of the circuits have used that reasoning it's actually they've just said we'll kind of leave this question for another day. Yeah and I will also draw the court's attention to a case that came out from our circuit after briefing which was Rudra and I can give you the citation if you'd like it's 2026 WL 75 323. 75 323. That's right yes and in that case the district court had held that two different sexual assaults taking place four hours apart constituted separate occasions and the Sixth Circuit affirmed but using different facts they use the fact that the defendant had sexually assaulted one victim and had communicated with another minor victim and in using those facts instead the Sixth Circuit cited to what in again leaving for another day the decision of whether it's the binding. I know different circuits but those are two occasions right even though they're same day one I think involves same victim one involved a different victim same location all those things those are those are more like Sadiq right yeah okay well and I would I'm sorry those are more like the burglaries in Woodin than they are this case at least it seems to me on a spectrum mm-hmm and we would just say you know those cases did not Woodin wasn't briefed Woodin wasn't discussed there was no discussion of what in Bullock it was not in Sadiq. Correct you're right yes in Sadiq only and you know the the word occasions in Woodin isn't just you know a dictionary definition it's it's a very holistic examination and for that reason you know it doesn't preclude us from finding that separate occasions could still involve a single victim or something like that but I see my time is up so we would ask that you reverse and remand without the ACCA enhancement. Thank you. Thank you. Thank you both for your argument and the case will be submitted.